**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 26-11526

Non-Argument Calendar

_____

DWIGHT SMITH,

CATHERINE SMITH,

BRYANT SMITH,

*Plaintiffs-Appellants,*

*versus*

CITY OF JOHNS CREEK, GA,

a Municipality in the State of Georgia,

ERIC EHRENREICH,

BRADLEYROSENQUIST,

MICHAEL BACON,

JAMES TAIT, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-01163-SEG

_____

Before NEWSOM, BRASHER, and KIDD, Circuit Judges.

PER CURIAM:

Plaintiff-Appellants Dwight Smith, Catherine Smith, and Bryant Smith, all proceeding pro se, appeal from the district court's order denying their motion for partial summary judgment as to their claims against Defendant-Appellee James Tait and granting Tait's cross-motion for summary judgment.

The appealed order is not final because it did not end the litigation on the merits. 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (explaining that a final judgment leaves nothing for the district court to do but execute the judgment); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining that an order disposing of fewer than all claims is not final). Plaintiff-Appellants' claims against several other defendants remain pending. The order is not immediately appealable under the collateral-order doctrine because it is effectively reviewable on appeal from a final judgment and delaying review until then would not imperil a substantial interest. *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 989 (11th Cir. 2022) (explaining that, among other requirements, an order must be effectively unreviewable on appeal from a final judgment to be appealable under the collateral-order doctrine); *Mohawk Indus., Inc.*

26-11526                Opinion of the Court                3

*v. Carpenter*, 558 U.S. 100, 107 (2009) (explaining that the collateral-order doctrine applies when delayed review of an order "would imperil a substantial public interest or some particular value of a high order" (quotation marks omitted)).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.